Ann Bolles Simmons and William Bolles were divorced April 12, 1982, and as a result Bolles had substantial financial obligations to Simmons, which he ignored. In April 1984, Simmons sought a contempt citation and a Writ Ne Exeat Republica, among other things against Bolles. The Writ Ne Exeat was issued and a bond of $125,000.00 was required. After Bolles was arrested the bond was reduced to $50,000.00. Bolles paid $5,000.00 for a $50,000.00 bond from Ruth Newman d/b/a A-Bonding Company, as agent for Accredited Surety and Casualty Company, Inc., and was released from jail.
In November, 1984, Bolles was found in contempt, in arrears in the amount of $138,188.52, and the Ne Exeat Bond was continued in full force and effect. In February, 1985, the Ne Exeat Bond was again continued in full force and effect. This war of attrition continued without compliance *Page 57 
by Bolles until July 7, 1986, when the chancellor again found Bolles in contempt for disobeying court orders and a show cause order was issued to Newman and Accredited Surety to either produce Bolles or show cause why the $50,000.00 bond should not be forfeited to Simmons.
At the hearing on July 25, 1986, counsel for Newman and Accredited Surety admitted that his clients could not produce Bolles and they were liable on the bond. However, both defendants urged the trial court that they only owed $12,466.50 plus attorneys fees, that being the amount last adjudged against Bolles by the chancellor. The actual arrearages and judgments against Bolles in favor of Simmons at that time far exceeded $50,000.00. The chancellor found that the entire $50,000.00 bond was forfeited and directed the drawing of an order to that effect. Counsel for Newman and Accredited Surety signed the order as "Agreed as to Form" even though the order provided that Newman and Accredited Surety were "jointly and severally" liable to Simmons. This order was entered on July 25, 1986.
Within the thirty day appeal time Newman, but not Accredited Surety, perfected an appeal to this Court. After the time for appeal, Simmons began efforts to collect her judgment from Accredited Surety. Accredited Surety sought and received a temporary restraining order to prevent execution on the judgment by Simmons. Simmons filed a motion to dissolve the temporary restraining order and Accredited Surety responded with a motion for relief from judgment or order under Miss.R.Civ.P. 60(b). The ground asserted for relief under Rule 60(b) is that the July 25, 1986, Order held Newman and Accredited Surety "jointly and severally" liable. Newman and Accredited Surety argued that their relationship is that of principal and agent thereby precluding any joint and several liability among them. They requested a proper order be entered reflecting that the July 25th judgment is against Accredited Surety and Casualty only and not against Newman and Accredited Surety, jointly and severally. The motion proceeded to hearing on (b)(2) of Rule 60, Miss.R.Civ.P., which provides for relief from judgment on account of "accident or mistake."
At the hearing Newman and Accredited Surety argued that the July 25, 1986, Order was entered under a mistaken belief that Newman and Accredited Surety were two separate sureties. The testimony at the hearing established unequivocally that the relationship was in fact one of principal/agent and not joint and several. Consequently, the chancellor entered an amended order declaring the previous order of July 25, 1986, to be of no effect. The amended order granted Simmons a judgment against Accredited Surety and Casualty only in the amount of $50,000.00.
As a result of the entry of the new order the thirty day appeal time began to run again from the date of the amended order and Accredited Surety promptly perfected an appeal in which it assigned only one error:
1. The Lower Court erred in awarding Simmons a judgment against the surety company in the entire amount of the Ne Exeat Bond, $50,000.00.
Simmons promptly perfected a cross-appeal, and also assigned only one error:
1. The Lower Court abused its discretion by setting aside its Order of July 25, 1986, thus allowing Accredited Surety to circumvent Supreme Court Rule 48 and perfect this appeal out of time.
 I. DID THE CHANCELLOR ABUSE HIS DISCRETION BY SETTING ASIDE HIS ORDER DATED JULY 25, 1986, THUS ALLOWING ACCREDITED SURETY TO CIRCUMVENT SUPREME COURT RULE 48 AND PERFECT THIS APPEAL?
Simply stated Simmons argues that Accredited Surety used its Rule 60(b)(2) request as a device, quite successfully, to circumvent Miss.Sup.Ct.R. 48.[1] Rule 48 requires notice of appeal to be filed "within *Page 58 
thirty days after the date of entry of the judgment, order or decree." In this case, Newman met the thirty day deadline by perfecting her appeal within the proper time. Accredited Surety, however, never perfected an appeal within thirty days of the July 25th Order. Simmons further argues that counsel for Newman and Accredited Surety had sufficient notice of the joint and several liability issue to seek its correction pursuant to 59(e), Miss.R.Civ.P., which gives a party ten days from entry of judgment to seek an alteration or amendment of that judgment.
Accredited Surety argues that a liberal interpretation of Rule 60 supports the action of the chancellor. Moreover, Accredited Surety asserts that the problems arising from the July 25th Order did not come fully to light until the judgment showed up against Ruth Newman personally on September 10, 1986. This assertion is contradicted by the language of the bond itself which states that Bolles, Newman, and Accredited Surety were "jointly and severally" bound, and by counsel for Accredited Surety's acknowledgment of her dissatisfaction with the language in the July 25th Order which was presented for her approval on July 25, 1986.
Notwithstanding the fact that counsel for Newman and Accredited Surety had notice of the language problem before the July 25th Order was signed by the chancellor, the lower court held that it had the right under Rule 60 to conform the original judgment to "what was intended and what has been true throughout this case [which] is that Ms. Newman, as A-Bonding Company, has been acting as the agent for Accredited Surety and Casualty Company." The chancellor felt that "to do anything else would be to act inequitably with regard to the surety company which signed the bond." The Amended Order was filed on September 11, 1986.
Motions that seek relief from judgment pursuant to Rule 60, Miss.R.Civ.P. are addressed to the sound discretion of the trial court, and the only question asked on appeal is whether the trial court's ruling on such a motion amounts to an abuse of discretion. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984). To determine an abuse of discretion question we are necessarily required to determine whether the facts of this case bring it within the scope of Rule 60(b) motions, or whether Rule 59(e), Miss.R.Civ.P., provides the only avenue of relief on these facts.
We garner from our decision in Stringfellow, supra, that "a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation." 451 So.2d at 221. As a general rule, the "extraordinary relief" provided for by Rule 60(b), will be granted "only upon an adequate showing of exceptional circumstances," and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief. Id. Finally, we are obliged to ask why the mistake or inadvertence was not avoided, and whether the motion was timely filed. Stringfellow,
451 So.2d at 221; Miss.R.Civ.P. 60(b) (1982). Inextricably tied to the issue of timeliness are questions of why the movant failed to seek a correction sooner, and whether the non-moving party has sustained any prejudice. See 11 Wright Miller, FederalPractice Procedure, § 2866 at page 228-29 (1973).
 A. TIMELINESS
Much is made over the fact that the Motion for Relief from Judgment was filed after the time for filing notice of appeal had expired. There are cases where the expiration of the time for appeal entitles the judicial system and the non-moving party to rely on the finality of the judgment. Rule 60 recognizes, however, that there are also cases where relief may be sought after expiration of the time for appeal. Rule 60 states that motions under Section (b)(2) of the rule must be made "within a reasonable time" not to exceed six months after the judgment was entered. Therefore, the rule itself accommodates concerns over finality by setting an outer time limit while simultaneously inviting a flexible application depending *Page 59 
on the circumstances of each individual case by use of the "reasonable time" standard. The time period for filing notice of appeal serves only as a relevant interval in the timeliness inquiry. Motions for relief from judgment filed after expiration of that time are not per se untimely.
Newman and Accredited Surety's reason for not taking corrective action sooner is that the joint and several liability of Newman did not come fully to light until September 10, 1986, the day their motion was filed. However, this assertion is contradicted in the following respects: Counsel for Newman and Accredited Surety expressed concern over the joint and several language in the Order on July 25, 1986, before it was presented to the judge, but registered her approval as to form nonetheless; the bond itself, executed on April 6, 1984, states that Bolles, Newman and Accredited Surety "jointly and severally bind ourselves." Of course, Ruth Newman did sign the bond as attorney in fact only for Accredited Surety, and she relied on her attorney to prepare the bond; Ruth Newman d/b/a A-Bonding Company perfected an appeal on her own behalf from a judgment "entered against her in the amount of . . . $50,000.00." However, the chancellor concluded that in filing the necessary appeal papers, counsel mistakenly excluded the name of Accredited Surety. This is plausible since each document correctly styles the case in the name of both Newman and Accredited Surety; but, all pleadings in the matter refer to Newman and Accredited Surety as "sureties." The chancellor concluded, however, that use of the plural did not alter the fact that Accredited Surety was the only surety on the bond.
Simmons argues that she has been prejudiced by the delay in collecting the judgment, apparently based on the need of the wife and children for continuing support, and the reality that the forfeiture of the $50,000.00 bond would help to alleviate some of the burden caused by the continuing arrearage of Bolles. This argument ignores the fact that an appeal from the $50,000.00 judgment was already properly perfected at least on behalf of Ruth Newman d/b/a A-Bonding Company. The trial court noted that Simmons would be protected by the appeal bond.
 B. FAILURE TO AVOID MISTAKE
Under the authority of Stringfellow, the movant pursuant to Rule 60(b)(2) must make an "adequate showing of exceptional circumstances" to justify the failure "to avoid mistake or inadvertence." 451 So.2d at 221. Ignorance, incompetence, or carelessness will not suffice. Id. Undeniably counsel for the movant was aware on July 25, 1986, that the Order imposed joint and several liability. She admitted this fact. Nonetheless, she approved the order as to form prior to the chancellor affixing his signature. Counsel subsequently stated that she signed the Order as to form only because she "did not know at that time that [Simmons] had any intention of executing on that judgment during the pendency of an appeal."
Notwithstanding the fact that Rule 59(e), Miss.R.Civ.P. would have been the proper avenue to alter or amend the judgment as to Newman and Accredited Surety, and further notwithstanding that Newman and Accredited Surety have not offered sufficient explanation for failing to avoid the mistake or seek its correction sooner in order to satisfy the requirements of Rule 60(b)(2), we are of the opinion that the action of the chancellor was not an abuse of his discretion.
We must keep in mind the equitable purpose of Rule 60 as well as the spirit by which procedural rules must be interpreted. The "primary purpose" of our Rules of Civil Procedure is to "secure the just . . . determination of every action" and "promote the ends of justice." Miss.R.Civ.P. 1, Comment. Against this backdrop, the chancellor acted within his discretion when he sustained the Motion of Newman and Accredited Surety for relief from the July 25, 1986 judgment. No amount of procedural gymnastics can alter the fact that Ruth Newman d/b/a A-Bonding Company *Page 60 
acted solely as agent for Accredited Surety, and consequently, was not jointly and severally liable on the Ne Exeat Bond.
It would appear that since Newman perfected an appeal in her own behalf, that the joint and several liability issue can be argued on that appeal. However, that appeal is from the July 25, 1986 judgment. Therefore, the record on appeal would reflect only those matters occurring on or before July 25, 1986. As a result, Newman and Accredited Surety would have no proof in the record on the issue of joint and several liability since that issue was presented to the lower court for the first time on September 10, 1986. To deny them relief from judgment on that issue would be, as the chancellor stated, to "act inequitably with regard to the surety company which signed the bond."
The Rule 60 motion was made "within a reasonable time." However, the motion was argued on the basis of Rule 60(b)(2), and on that basis the movant failed to establish any exceptional circumstances justifying 60(b)(2) relief. However, it is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal. The action of the chancellor can be upheld under Rule 60(b)(6) which provides for relief from judgment for "any other reason justifying relief . . ." We have previously taken note that 60(b)(6) stands as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." Bryant, Inc. v. Walters,493 So.2d 933, 939 (Miss. 1986). The chancellor simply granted relief without assigning a particular prong of Rule 60(b) as his basis. Notwithstanding that, the chancellor reached the correct decision, and therefore, should be and is affirmed. Fultz v.Doss by Doss, 507 So.2d 891 (Miss. 1987); Allgood v. Bradford,473 So.2d 402, 411 (Miss. 1985).
The chancellor did not transcend the boundaries of discretion, and Simmons' cross-assignment is without merit.
 II. DID THE CHANCELLOR ERR IN ORDERING FORFEITURE OF THE ENTIRE $50,000.00 BOND?
Accredited Surety argues that a Ne Exeat Bond should be forfeited in an amount equal to the damages suffered by the benefactor of the bond on account of the principal's failure to appear. In this case, Accredited Surety asserts that Simmons has been damaged only in the amount of $13,216.50 plus interest and costs. This argument is based on their interpretation of the court's July 7, 1986, Order adjudging Bolles to be in contempt of court. This argument fails for two reasons.
First, Accredited Surety ignores the purpose behind the Ne Exeat Bond in this case. The amount of support arrearage is inconsequential on the issue of forfeiture. The Ne Exeat Bond is conditioned upon the obligor remaining within the jurisdiction of the court and amenable to its process so that enforcement of the court's orders can be accomplished. Roberts v. Fuhr,523 So.2d 20, 27 (Miss. 1987); Gibson v. State for Use of Clark,220 Miss. 39, 44-45, 70 So.2d 30 (1954). The failure of this condition triggered the breach and subsequent forfeiture of the bond without regard to the amount of underlying support arrearage.
The chancellor correctly found that Mr. Bolles did not remain amenable to the order or decree of the chancery court as required, and according to the provisions of a later entered order and the bond pursuant thereto, he did not remain amenable to the orders and decrees of the court nor did he appear when required. The condition of the bond was not met and the bond was forfeited and the judgment could stand. The chancellor further found that the surety company accepted an obligation which was not fulfilled and they were amply paid for their entry into that obligation. Of course, the surety company has its recourse against Bolles as the principal, and it is not up to the surety company to decide whether or not Simmons and her children have gained a windfall or not. As the *Page 61 
chancellor stated, the bond is given in order to permit Bolles to continue to do and perform all of his travels and promotions and activities around the globe, but it is not intended as a shield to protect him from performing the duties and orders of this court.
Second, even assuming that Accredited Surety's argument about forfeiture in general is meritorious, it misinterprets the July 7, 1986, contempt order. That Order makes it abundantly clear that, as of July 7, 1986, Bolles may purge his contempt by paying not only the $13,216.50 plus interest and costs, but also by securing the necessary permission to allow Simmons to sell certain stocks previously pledged in the order of March 21, 1985. Bolles is thus bound by the terms of the March 21, 1985 Order in which he agreed, inter alia, to pay $138,188.52 plus $1,000.00 per month continuing child support. Bolles is liable in the added amount of $13,216.50 plus interest and costs as per the July 7, 1986, Order.
If we assume forfeiture should be ordered in an amount equal to the damages, Bolles would be the one receiving a windfall. At the time of forfeiture, Bolles was undeniably in contempt for failing, inter alia, to make support payments in an amount far in excess of $50,000.00 which was the amount of the Ne Exeat Bond.
We conclude that the actions of the chancellor are well founded on both law and fact. Faced with an increasingly recusant defendant, the legitimate interest of the surety company, and the continuing support needs of a mother and her children, the chancellor acted equitably and admirably in reaching a correct decision on all issues. Therefore, there is no merit to the direct appeal.
However, based upon the peculiar facts and circumstances that triggered the necessity for this appeal and the Rule 60 hearing, we are of the opinion that all costs should be assessed to Accredited Surety and Casualty Company, Inc., and that Simmons is entitled to both penalty and interest on this appeal.
The judgment of the Chancery Court of Hinds County, Mississippi, is affirmed.
AFFIRMED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, GRIFFIN and ZUCCARO, JJ., concur.
ANDERSON, J., not participating.
[1] Miss.Sup.Ct.R. 4 sets the time period for appeals after January 1, 1988.