919 So.2d 211 (2005)
Zineddine TIROUDA, Appellant
v.
STATE of Mississippi (Mississippi State Board of Health), Appellee.
No. 2004-CP-00379-COA.
Court of Appeals of Mississippi.
June 21, 2005.
*212 Zineddine Tirouda, Appellant, pro se.
Sanford Ridley Horton, Jackson, Dennis Leon Sharp, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. On January 26, 2004, the Chancery Court of Lauderdale County set aside the court's 1999 judgment issuing Zineddine Tirouda a delayed birth certificate. Aggrieved, Mr. Tirouda appeals to this Court, arguing that the trial court abused its discretion in setting aside the judgment more than six months after the judgment was entered. Since Mr. Tirouda was found to have committed fraud upon the court, Rule 60(b) does not limit the court's ability to set aside its 1999 judgment. Accordingly, we affirm.

STATEMENT OF FACTS
¶ 2. Zineddine Tirouda initiated an action on May 14, 1999, in the Chancery Court of Lauderdale County, Mississippi, requesting the court to direct the Vital Records Division of the Mississippi State Board of Health to issue him a delayed certificate of birth. At that time, Tirouda was not a citizen of the United States and was not residing in Mississippi. An evidentiary hearing was held on August 17, 1999, before Chancellor Sarah Springer, during which live testimony from Mr. Tirouda and individuals claiming to be his parents was taken. Mr. Tirouda's alleged parents, Amar and Tata Tirouda, testified with the assistance of an interpreter that Mr. Tirouda was born in Meridian, Mississippi in 1964. Mr. Tirouda personally testified that he had been raised in Algeria by his parents, had lived in the United States for about six years and was seeking an immigration visa through the U.S. Department of Labor. No other witnesses testified, and the Mississippi State Department of Health did not question the witnesses. The chancery court entered its judgment on August 17, 1999 ordering the Mississippi State Board of Health to issue Mr. Tirouda a delayed birth certificate. Pursuant to the chancery court's order, the delayed birth certificate was issued, and a copy was provided to Mr. Tirouda.
¶ 3. In 2000, Mr. Tirouda was charged by federal authorities in San Diego, California, with making a false statement in his application for a United States passport in violation of 18 USC § 1542. The case went to trial in January of 2003. During the trial, the chancellor from the birth certificate proceeding, Honorable Sarah Springer, testified as a witness for the government pursuant to subpoena. Mr. Tirouda was convicted by a jury and sentenced to serve six months in prison. On January 10, 2005, the United States Court of Appeals for the Ninth Circuit affirmed *213 Tirouda's judgment of conviction. U.S. v. Tirouda, 394 F.3d 683 (9th Cir.2005).[1]
¶ 4. On August 26, 2003, two days prior to Mr. Tirouda's sentencing hearing in San Diego, Chancellor Springer issued an order to show cause why the judgment directing issuance of delayed certificate of birth, entered on August 17, 1999, should not be set aside, vacated and held for naught. Reciting Rule 60(b)(1) of the Mississippi Rules of Civil Procedure, the order to show cause was based on "the receipt of information that a fraud may have been committed on th[e] court." Chancellor Springer set a hearing date of October 20, 2003, which was continued at the request of Mr. Tirouda. On January 4, 2004, Mr. Tirouda filed a motion to dismiss the order to show cause as time barred under Rule 60(b)(1) and moved to recuse Chancellor Springer from presiding over the matter. The State responded that the court had authority under Rule 60(b)(4) and (6) to vacate the order more than six months after its rendition. Chancellor Springer conducted the hearing on January 26, 2004, but Mr. Tirouda was not present. Admitted into evidence was a copy of the United States Department of State Diplomatic Security Service Report of Investigation, which identified Tirouda's correct birthplace to be Algeria. The chancery court vacated the order of August 17, 1999, and found that Mr. Tirouda's conviction for conspiracy to possess immigration documents by fraud and making a false statements in application for a United States passport was an indication that fraud was committed at the 1999 hearing.

ISSUE
¶ 5. The only issue presented is whether the trial court erred when, upon its own motion, it set aside its prior judgment issuing Mr. Tirouda a delayed certificate of birth more than six months after the judgment was entered.

STANDARD OF REVIEW
¶ 6. The decision to vacate a previous order under Rule 60(b) of the Mississippi Rules of Civil Procedure is a matter left to the sound discretion of the trial court, and the only question asked on appeal is whether there has been an abuse of that discretion. Accredited Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss.1988).

ANALYSIS
¶ 7. At issue is the court's authority to vacate an order upon its own initiative *214 under Mississippi Rules of Civil Procedure 60(b). The chancery court is vested with broad equitable powers with which it is able to decide if the original order was entered by mistake, fraud of a party, or for another reason justifying relief from the judgment under Rule 60(b) and may do so upon its own motion. Edwards v. Roberts, 771 So.2d 378, 386(¶ 28) (Miss.Ct.App. 2000). Regarding the validity of the court's order to vacate its previous order, we must examine Rule 60(b):
Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;

(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court . . . .
M.R.C.P. 60(b) (emphasis added in italics).
¶ 8. Mr. Tirouda argues that Mississippi appellate courts have clearly held that a motion to set aside a final judgment pursuant to Rule 60(b)(1) is time barred if filed after six months from the date judgment was entered. In support of his argument, Mr. Tirouda discusses two cases: Moore v. Jacobs, 752 So.2d 1013 (Miss.1999), and Jenkins v. Jenkins, 757 So.2d 339 (Miss. Ct.App.2000). In Moore, the defendant filed a motion from relief from judgment four years after the judgment was entered based on claims that the plaintiff committed perjury and that there was newly discovered evidence. The supreme court held that the defendant's motion was time-barred since relief under Rule (60)(b)(1) must be made within six months of the final judgment. In Jenkins, this Court held that a final judgment should not be disturbed absent "exceptional circumstances" and, if based on allegations of fraud under Rule 60(b)(1), only if made within six months of entry of judgment. Jenkins, 757 So.2d at 343(¶ 7). The State argues that Mr. Tirouda's entire argument fails to recognize the distinction between fraud upon the court and fraud upon an adverse party. See Brown v. Estate of Johnson, 822 So.2d 1072 (Miss.Ct.App. 2002). Fraud upon an adverse party falls under Rule 60(b)(1) which requires that motion be made in a reasonable time and not more than six months after the judgment, order, or proceeding was entered or taken. On the other hand, fraud upon the court falls within the savings clause of 60(b) and is not subject to time constraints. We agree that this Court is without *215 authority where Rule 60(b)(1), (2) or (3) is the basis for an action and the motion is brought beyond the six month limitation.[2]Jenkins, 757 So.2d at 343(¶ 10) (quoting Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990)). However, the case at hand presents a different situation in that the lower court found its prior judgment had been obtained by fraud upon the court. Rule 60(b) expressly provides that the rule "does not limit the power of the court . . . to set aside a judgment for fraud upon the court." M.R.C.P. 60(b). "`Fraud upon the court' is grounds for relief under the savings clause of Rule 60(b)." See Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989).[3] Furthermore, the only time requirement for the catch-all provided in 60(b)(6), which provides relief from judgment for "any other reason justifying relief," is that relief be sought in reasonable time.
¶ 9. In the instant case, although the chancellor referred to Rule 60(b)(1) in the motion to show cause, she clearly found that fraud had been committed "on the court." "It is the customary practice, in the name of judicial economy, for an appellate court to affirm the trial court if the right result is reached even though for the wrong reason." Towner v. State, 837 So.2d 221, 225(¶ 9) (Miss.Ct.App.2003) (citing Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)). In Accredited Surety, the motion to dissolve the temporary restraining order was argued under Rule 60(b)(2), and the chancellor granted relief without identifying a particular prong of Rule 60(b) as his basis. On appeal, the court held that while the movant failed to establish any exceptional circumstances justifying relief under 60(b)(2), the action of the chancellor could be upheld under Rule 60(b)(6) "any other reason justifying relief." Accredited Surety, 535 So.2d at 60. The Mississippi Supreme Court held it to be "well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal." Id. The court reminded us to "keep in mind the equitable purpose of Rule 60 as well as the spirit by which procedural rules must be interpreted. The `primary purpose' of our Rules of Civil Procedure is to `secure the just . . . determination of every action' and `promote the ends of justice.'" Accredited Surety, 535 So.2d at 59.
¶ 10. We find that the chancellor's decision to vacate the order granting Mr. Tirouda a delayed certificate of birth can be affirmed under the savings clause of Rule 60(b) and under the "grand reservoir of equitable power" of Rule 60(b)(6). See Accredited Surely, 535 So.2d at 60. First, in order for the court to vacate a judgment based on a claim of fraud under the savings clause, the conduct must constitute fraud upon the court. The determination of whether conduct constitutes fraud upon *216 the court so as to be exempt from the time limitation of Rule 60(b) is not a matter easily decided. If any fraud or misrepresentation perpetrated in connection with a matter pending before the court could be construed as a fraud upon the court, then the time limitation of Rule 60(b) would be meaningless. 11 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE 247, 253 Section 2870 (1973). Thus, the term fraud upon the court mandates a narrow interpretation.
¶ 11. One of the more common definitions of fraud upon the court is found in Moore's Federal Practice:
Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.
7 Moore, FEDERAL PRACTICE ¶ 60.33 at 515 (1971). Because Rule 60(b) relief based on fraud upon the court "is reserved for only the most egregious misconduct," a showing of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision" is required. Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978)).
¶ 12. With the above principles in mind, we recognize that the trial court is best able to determine whether a fraud has been perpetrated upon it. As a result, the chancellor's determination of the issue is entitled to great weight. We must also consider the specific facts in each case. Turning now to the record in this case, it is clear that Mr. Tirouda and two other individuals knowingly falsified information by claiming Mr. Tirouda was born in Mississippi. All three of the individuals' testimony was fabricated; elaborate stories were created surrounding Mr. Tirouda's birth. It is also clear that Mr. Tirouda deliberately planned and carefully executed a scheme improperly to influence the court in order to obtain a Mississippi birth certificate. Not only did Mr. Tirouda and his two witnesses commit perjury, they engaged in a conspiracy to defraud the Mississippi Department of Health and the chancery court and then attempted to utilize the product of that fraud to deceive the United States government. While courts have uniformly held that perjury of a single witness is not sufficient to trigger relief for fraud upon the court,[4] in this case, every witness committed perjury while executing a deliberately planned "scheme" to improperly influence the court. See Browning v. Navarro, 826 F.2d 335, 345 (5th Cir.1987).
¶ 13. After Mr. Tirouda received the delayed certificate of birth in Mississippi, he used the certificate to attempt to obtain a United States passport in California. Federal investigation revealed that Mr. Tirouda was not born in Mississippi, but in Algeria. His further attempts to defraud failed, and he was found guilty of conspiracy to possess immigration documents obtained by fraud and making a false statement *217 in application for a United States passport. Mr. Tirouda's fraudulent conduct was not only a wrong against the judicial system, but the fraud concerns the validity of a birth certificate, which is a matter of public concern. See Miss.Code Ann. § 41-57-9 (Rev.2001) ("Any copy of the records of birth, . . . shall be prima facie evidence in all courts and places of the facts therein stated."). But for the trial court's ability to correct this situation, Mr. Tirouda would continue to hold a valid, yet fraudulent, Mississippi birth certificate. We decline to interpret our rules so as to render the defrauded court impotent to rectify this situation. We find Mr. Tirouda's actions to be an example of "egregious conduct" justifying relief under the savings clause of Rule 60(b). See Wilson, 873 F.2d at 872.
¶ 14. Secondly, the chancery court's order vacating the delayed birth certificate is justified under Rule 60(b)(6) of the Mississippi Rules of Civil Procedure. The supreme court has held Rule 60(b)(6) to be a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." Accredited Surety, 535 So.2d at 60 (quoting Bryant, Inc. v. Walters, 493 So.2d 933, 939 (Miss.1986)). "The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." Hesling v. CSX Transp., Inc., 396 F.3d 632, 642 (5th Cir.2005) (quoting Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir.1992)).
¶ 15. In the instant case, in addition to perpetrating fraud upon the courts of Mississippi, Mr. Tirouda attempted to use the courts of Mississippi as an instrument to assist in his fraud. Justice cannot be promoted and a just determination of the action cannot be accomplished in allowing Mr. Tirouda to retain a Mississippi birth certificate to which he is not entitled. Thus, we find that Rule 60(b)(6) also supports the chancellor's order vacating the delayed birth certificate.
¶ 16. The question presented before us is whether the chancellor abused her discretion. Based upon the record before us, we cannot say that she did. Although the court would be time barred from vacating its 1999 order under 60(b)(1), (2) and (3), the chancellor's decision is supported by the savings clause of Rule 60(b) and by Rule 60(b)(6).
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] The Ninth Circuit's opinion referenced the Mississippi proceedings as follows:

In early 1999, shortly before his asylum hearing was to be held and his H1B visa was to expire, Zineddine retained an attorney and claimed for the first time in an official United States document that he was a United States citizen born in Meridian, Mississippi. Zineddine filed a lawsuit against the State of Mississippi to compel it to issue a delayed birth certificate. In his pleadings, he claimed that he was born in Meridian, Mississippi, on May 1, 1964, with a midwife in attendance. To augment his claim of birth in Mississippi, Zineddine flew his parents, Amar and Tata Tirouda, from Algeria to Mississippi to testify on his behalf. Before they left Algeria, Amar and Tata visited the United States Embassy in Algiers to apply for visas. On their visa applications, both Amar and Tata stated that it was to be their first visit to the United States. United States records indicate that this was indeed their first visit to the United States.
On August 17, 1999, in Meridian, Mississippi, Zineddine, Amar, and Tata Tirouda testified under oath in a chancery court that Zineddine was born in Mississippi in 1964 when Amar and Tata were in the United States looking for work. After the hearing, the Mississippi court ordered the issuance of a delayed Mississippi birth certificate for Zineddine.
Tirouda, 394 F.3d at 685-86.
[2] While not cited by Mr. Tirouda, we recognize that in Sabal Corp. v. Howell, 853 So.2d 122 (Miss.Ct.App.2003) this Court stated that a motion for fraud on the court under M.R.C.P. 60(b)(1) must be brought within six months. Id. at 124(¶ 4). However, there is no indication that the difference between fraud against an adverse party and fraud upon the court was presented for the court's consideration in Sabal Corp.
[3] Mississippi Rule of Civil Procedure 60(b) is almost identical to Rule 60(b) of the Federal Rules of Civil Procedure. As such, this Court "will consider as authoritative federal constructions when determining what our construction of our rule ought to be." Briney v. U.S.F. & G. Co., 714 So.2d 962, 966 (Miss. 1998). See also Moore v. Jacobs, 752 So.2d 1013, 1017 (¶ 16) (Miss.1999); Askew v. Askew, 699 So.2d 515, 518-19 (Miss.1997) ("[A]uthoritative federal interpretations of the rule have been considered helpful because of the strong similarity our rule share[s] with the federal rule.").
[4] In Moore v. Jacobs, 752 So.2d 1013 (Miss. 1999), the supreme court addressed the claim of perjury by a party and concluded that claims of perjury fall under Rule 60(b)(1). However, we distinguish Moore from the case at hand. The supreme court, in Moore, was confronted with allegations of perjury by a single witness, which were not proven by clear and convincing evidence. Id. at 1016-17 (¶ 14-19). In the instant case, we are presented with the perjury of every witness who testified, and their perjury has been shown by clear and convincing evidence. In addition to the perjury committed, we are also confronted with the evidence of a deliberately planned scheme to defraud the court.