977 So.2d 1187 (2007)
Shirley CUFFEE, Appellant
v.
WAL-MART STORES, INC., Appellee.
No. 2006-CA-00621-COA.
Court of Appeals of Mississippi.
August 28, 2007.
Rehearing Denied November 27, 2007.
*1188 Alben Norris Hopkins, Mariano Javier Barviè, Gulfport, attorneys for appellant.
Raymond L. Brown, Pascagoula, Steven Benjamin Dick, attorneys for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
*1189 IRVING, J., for the Court.
¶ 1. Shirley Cuffee filed an action in the Harrison County Circuit Court to recover damages for personal injuries she claims to have suffered while at a Wal-Mart store in Biloxi, Mississippi. A jury returned a verdict in favor of Wal-Mart. Thereafter, Cuffee filed a motion pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure, alleging that a witness for Wal-Mart gave perjured testimony at trial after being instructed by Wal-Mart's attorney to do so. This motion was denied by the circuit court, and Cuffee has appealed, assigning for our review the following issue:
WHETHER THE CIRCUIT COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S RULE 60(b) MOTION FOR RELIEF FROM ORDER FOR REASONS OF FRAUD, MISREPRESENTATION, AND NEWLY DISCOVERED EVIDENCE AFTER THE CONCLUSION OF THE TRIAL IN THIS MATTER.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 7, 2002, Cuffee, along with her mother and her grandson, went to a Wal-Mart store in Biloxi, Mississippi, so Cuffee could purchase a Power Wheels motorized car for her grandson. Eugene Huff, a Wal-Mart employee, assisted Cuffee in taking the car to her vehicle.[1]
¶ 4. At trial, during direct examination, Cuffee testified that she told Huff that if the box, containing the motorized car, did not fit into the trunk of her car she could arrange for someone to bring her truck to the store. After realizing that the box was too large for the trunk, Cuffee claims that Huff suggested strapping the box to the top of her car. Cuffee testified that she found three bungee cords and a nylon strap in a toolbox which was located in the trunk of her car. Cuffee further testified that Huff tied the strap and one of the bungee cords together without her assistance. However, on cross-examination, Wal-Mart's attorney pointed that this was inconsistent with Cuffee's deposition testimony where she had stated that "[t]he only thing I can remember is maybe hooking one or two of these [straps and bungee cords] together with him."
¶ 5. During further cross-examination, Cuffee testified that she noticed that her grandson was not properly buckled in his carseat, so she proceeded to buckle him in properly. Cuffee stated that her car was a two-door vehicle, so in order to secure her grandson in his carseat she had to place herself between the front and back seats to reach into the back seat. According to Cuffee, Huff continued to strap the box to the roof of the car. Cuffee stated that, as she was exiting the area between the seats, one of the bungee cords struck her in the eye, causing it to bleed. Cuffee testified that she drove home after Huff finished securing the box to the roof of her car.
¶ 6. Cuffee kept an appointment with her regular physician that had been previously scheduled for later that day. After discussing the accident with her physician, he suggested that she report the incident to management at Wal-Mart. Following her physician's advice, Cuffee returned to the store and reported the accident to the store's supervisor. Later, Cuffee went to the emergency room at Gulfport Memorial Hospital, complaining of vision loss in her right eye. Emergency room personnel called the hospital's ophthalmologist, Dr. *1190 Gene Gaddy, who instructed Cuffee to come to his office the following day for an examination. After conducting his examination, Dr. Gaddy referred Cuffee to Dr. Ivan R. Batlle. Cuffee testified that she drove to Dr. Battle's office in New Orleans, Louisiana, the following day. Dr. Batlle performed laser light surgery on Cuffee's eye. Thereafter, she continued to see him at his New Orleans and Gulfport offices.
¶ 7. In November 2002, Dr. Batlle diagnosed Cuffee as having developed a macular hole in the center of vision in her right eye, and he suggested that she have macular hole surgery to restore her vision.[2] Although Cuffee is legally blind in her right eye, she was cleared by Dr. Batlle to resume working.
¶ 8. Cuffee's attorney called Huff as an adverse witness, who recalled the accident somewhat differently than Cuffee. He testified that he did not strap the box to the roof of Cuffee's car and was four car lengths away from Cuffee at the time of the accident. Huff also testified that, prior to the trial, he had not touched the strap.
¶ 9. On direct examination, Huff stated that it was Cuffee who suggested that the box be strapped to the top of the car after it would not fit into her trunk. Huff admitted that he placed the box on the roof of Cuffee's car; however, he stated that he did not tie the box down. Rather, Huff testified that Cuffee produced the bungee cords and asked him to tie the box down for her, but he refused. Huff said that he told Cuffee that it would be against store policy for him to do so. Huff testified that the box was not strapped to Cuffee's car when he walked away to collect shopping carts from the parking lot.[3]
¶ 10. Huff stated that he was a few parking spaces away from Cuffee's car when he heard someone say "ouch" or something similar. He said that he returned to Cuffee's car, and she told him that the bungee cord had hit her in the eye. Further, Huff stated that Cuffee did not say or imply that he had caused the accident. Wal-Mart has a policy that requires all injuries and accidents to be reported to a supervisor immediately; however, Huff testified that he did not report this incident to Wal-Mart management because "[i]t was not Wal-Mart's fault. . . ." He also testified that he did not strap the box to Cuffee's car after the incident and that he does not know who did. However, Huff gave a statement at Wal-Mart on the day of the incident in which he stated that Cuffee strapped the box to the roof of the car.
¶ 11. As previously stated, the jury returned a verdict in favor of Wal-Mart. On December 4, 2003, Cuffee filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial. On March 16, 2004, Cuffee noticed a posttrial deposition of Huff, and Wal-Mart responded by filing a motion to quash and for protective order. On March 26, 2004, the court heard arguments regarding Cuffee's right to take a posttrial deposition of Huff, who allegedly admitted, after the trial, to Cuffee's son and to Cuffee's attorney that he did in fact tie the strap and cords together.
¶ 12. On January 12, 2005, the court granted Cuffee's request to redepose Huff, and his posttrial deposition was taken on May 12, 2005. During-his posttrial deposition, Huff testified that he tied the strap *1191 and cords together and gave them to Cuffee, completely contradicting his trial testimony that he had not touched the strap before trial. After considering all of the evidence before it, the trial court denied Cuffee's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, as well as Cuffee's Rule 60(b) motion for relief.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 13. The sole issue of this appeal is whether the trial judge erred in denying Cuffee's Rule 60(b) motion.[4] In denying the motion, the trial judge found (1) that Huffs trial testimony was not "a purposeful, willful misrepresentation" of what occurred, (2) that there was "no proof to support the claim of misconduct by defense counsel, and (3) that Cuffee failed "to establish by clear and convincing evidence her grounds of perjury and misconduct by defense counsel as to Huffs trial testimony."
¶ 14. "When reviewing a grant or denial of a Rule 60(b) motion, [an appellate court] will only reverse the ruling of a chancellor upon the finding of abuse of discretion." City of Jackson v. Jackson Oaks L.P., 860 So.2d 309, 311(¶ 6) (Miss. 2003) (citing Briney v. U.S. Fid. & Guar. Co., 714 So.2d 962, 966(¶ 13) (Miss.1998)). Utilizing this standard of review, we now examine the trial judge's findings.
(a) Fraud, Misrepresentation, or Other Misconduct by Wal-Mart
¶ 15. Rule 60(b) states in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) fraud, misrepresentation, or other misconduct of an adverse party. . . ." (emphasis added).
¶ 16. Cuffee contends that Huff provided perjurious testimony at trial which warrants relief from the jury's verdict. Specifically, Cuffee argues that "[a]t most, the actions of [Huff] constitute perjury and fraud and at the very least constitute a `misrepresentation,' `misconduct' and `newly discovered evidence' which any [sic] would entitle [her] to a new trial." As stated, the trial judge found no evidence of fraud, misrepresentation, or other misconduct on the part of Wal-Mart.
¶ 17. We note at the outset that Wal-Mart, not Huff, is the adverse party. We also acknowledge that because Wal-Mart is a corporation, it can act only through its officers and agents, and their intentions may be imputed to the corporation. However, it is a stretch to conclude that Huffs position as a supervisor over department ninety-nine brings him within the realm of an officer or agent of Wal-Mart. Thus, we find that Rule 60(b)(1) provides no relief to Cuffee, as Huff is not an adverse party to this litigation, nor sufficiently high in rank so as to equate his actions with the actions of Wal-Mart.
(b) Newly Discovered Evidence
¶ 18. It is well settled that a Rule 60(b) motion based on newly discovered evidence only will be granted when:

*1192 (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result.
Moore v. Jacobs, 752 So.2d 1013, 1015(¶ 18) (Miss.1999) (quoting Ag Pro, Inc. v. Sakraida, 512 F.2d 141, 143 (5th Cir.1975)).[5] In addition, the Mississippi Supreme Court, relying on the Fifth Circuit's construction of Rule 60(b)(3), has held that "[n]ewly discovered evidence must be evidence in existence of which a party was excusably ignorant." January v. Barnes, 621 So.2d 915, 920 (Miss.1992).
¶ 19. There is no question that the first time Huff admitted to touching the strap and cord was during his posttrial deposition, that his admission is material, and that Cuffee's attorney exercised due diligence to solicit this information from Huff. The record reveals that Cuffee's attorney conducted a pretrial deposition, and thoroughly cross-examined Huff at trial. Further, Huff did not admit to Cuffee's attorney that he provided false testimony until January 2004, approximately two months after the trial. Thus, Cuffee's attorney had no way of knowing that Huff had provided false testimony in time to move for a new trial pursuant to Rule 59(b) of the Mississippi Rules of Civil Procedure.[6] Nevertheless, we do not agree with Cuffee that Huffs posttrial admission constitutes newly discovered evidence of sufficient gravity to warrant the granting of a new trial. While the evidence clearly satisfies three, and maybe even four, of the criteria set forth in Moore, there can be no doubt that it is merely impeaching, which is fatal because in order to obtain a new trial based on newly discovered evidence the evidence cannot be "merely cumulative or impeaching." Moore, 752 So.2d at 1015(¶ 18).
(c) Other Basis for Relief under Rule 60(b)
¶ 20. Although Cuffee failed to argue subpart (6) of Rule 60(b), we briefly discuss it for the purpose of determining whether it provides a sufficient basis for relief based on Huffs false testimony. Rule 60(b)(6) allows the court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Additionally, Rule 60(b) clearly states that "[t]his rule does not limit the power of the court . . . to relieve a party from a judgment for fraud upon the court." The Mississippi Supreme Court has held that "Rule 60(b)(6) stands as a `grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief.'" Page v. Siemens Energy & Automation, Inc., 728 So.2d 1075, 1080(¶ 15) (Miss.1998) (quoting Accredited Sur. & Cas. Co., 535 So.2d 56, 59 (Miss.1988)).
¶ 21. As stated, Cuffee did not make an argument under Rule 60(b)(6). However, if she had done so, it would not have been persuasive in light of this Court's recent *1193 holding in Tirouda v. State, 919 So.2d 211 (Miss.Ct.App.2005). In Tirouda, based on the testimony of Tirouda and several other witnesses, the trial court issued an order authorizing the issuance of a delayed birth certificate to Tirouda. Id. at 212(¶ 2). Subsequently, the court discovered that Tirouda and the witnesses had given false testimony. Id. at 216-17(¶ 13). Consequently, relying on Rule 60(b)(1), the court set aside its previous order authorizing issuance of the certificate. Id. at 215(¶ 9). On appeal, this Court considered the appropriateness of the lower court's action and, applying the savings clause of Rule 60(b) and the residual clause of Rule 60(b)(6), affirmed. Id. at 215(¶ 10). In affirming the trial court, we acknowledged the law of this State that "perjury of a single witness is not sufficient to trigger relief for fraud upon the court." Id. at 216(¶ 12). We then noted that we were not dealing with the actions of a single witness and explained that "we are presented with the perjury of every witness who testified, and their perjury has been shown by clear and convincing evidence. In addition to the perjury committed, we are also confronted with the evidence of a deliberately planned scheme to defraud the court." Id. at n. 4.
¶ 22. It is clear that Huff provided false testimony; however, Huff is the only witness who did so, and there is no evidence to suggest that Huff deliberately schemed to defraud the court. Thus, in light of the reasons discussed above, we cannot find that the trial judge abused his discretion in denying Cuffee's Rule 60(b) motion. Therefore, we affirm the judgment of the Circuit Court of Harrison County.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.
NOTES
[1] Huff testified at his pre-trial deposition that on the date of the incident he was the supervisor for department ninety-nine at Wal-Mart. He explained that department ninety-nine assists customers in carrying items to their vehicle.
[2] At the time of trial, Cuffee had not had the surgery because of her financial condition.
[3] By contrast, at his pretrial deposition, Huff testified that he witnessed Cuffee strapping the box to the roof of the car, and that he did not touch the bungee cords.
[4] In her motion, Cuffee does not specifically identify the subpart of Rule 60(b) upon which she relies, although it appears that she is relying upon subpart (1), which permits relief from a judgment where the adverse party committed "fraud, misrepresentation, or other misconduct" during the trial or proceeding out of which the judgment arose and subpart (3), which permits relief from a judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). . . ." Therefore, we will discuss first the applicability of these subparts and then any other subpart(s) that conceivably may be relevant.
[5] Rule 60(b) of the Mississippi Rules of Civil Procedure is nearly identical to Rule 60(b) of the Federal Rules of Civil Procedure. As such, Mississippi appellate courts often consider "federal authority when construing state rules of civil procedure modeled after federal counterparts." Gray v. Gray, 562 So.2d 79, 82 (Miss. 1990).
[6] Rule 59(b) of the Mississippi Rules of Civil Procedure reads, "[a] motion for a new trial shall be filed not later than ten days after the entry of judgment."