# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01395-COA

MAURICE JOHNSON A/K/A MAURICE ANTWAN JOHNSON                                                                  APPELLANT

v.

STATE OF MISSISSIPPI                                                                  APPELLEE

DATE OF JUDGMENT:              11/17/2020
TRIAL JUDGE:                   HON. BRIAN KENNEDY BURNS
COURT FROM WHICH APPEALED:     SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        SANFORD E. KNOTT
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ALLISON KAY HARTMAN
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 01/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

## WESTBROOKS, J., FOR THE COURT:

¶1.     Maurice Johnson appeals from the order vacating his order of expungement by the Scott County Circuit Court. Johnson asserts that the trial court erred in setting aside its order of expungement, finding that he had a duty to voluntarily disclose his pending charges to the court. After a careful review of the record, we affirm the trial court's order vacating Johnson's expungement.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2007, Maurice Johnson pled guilty in the Scott County Circuit Court to one charge of possession of more than one kilogram of marijuana. Johnson was sentenced to a term of

eight years in custody with five years suspended and three years to serve, with Johnson serving probation for the duration of the five suspended years. Neither party disputes that Johnson successfully served his time and met all terms and conditions for the 2007 sentence without incident.

¶3. In 2018, a Scott County grand jury indicted Johnson for the charge of selling methamphetamine, as a second-time drug offender, which made him eligible for an enhanced penalty.[1] The State noted that after multiple continuances at the request of the prior counsel of record, Attorney Sanford Knott entered his appearance in the case on February 3, 2020. Knott promptly filed a petition for an expungement of the 2007 marijuana possession on March 10, 2020. He also supplied the trial court with a proposed order of expungement. Knott asserts he sent a copy of both the petition for expungement and proposed order to the State as well. The State disputes it received a copy of the proposed order but acknowledges receipt of the petition for expungement on March 16, 2020. Although the petition included a request for a hearing, no hearing took place in the matter.

¶4. On May 31, 2020, the trial judge signed the order of expungement Knott supplied after over two months had passed with no response from the State. However, the expungement order itself was not actually filed by the Scott County Circuit Clerk until

---

[1] The State indicated in its motion to set aside Johnson's expungement that Johnson was again arrested in 2020 by the Scott County Sheriff's Department and the Mississippi Bureau of Narcotics for three additional charges of conspiracy to possess controlled substances, which Johnson did not deny in his filings. However, the State does not make clear when in 2020 the arrest occurred and does not back up this assertation with documentation, making it impossible to know where on the timeline of events the arrest occurred. The State does allege, however, that Knott knew of the arrest prior to his mailing the order of expungement for filing on October 12, 2020.

October 15, 2020, the day after the State filed its motion to set aside the expungement order.[2]

According to the State, Knott filed the expungement order with the clerk only after communications with the State, which expressed its opposition to the petition. But by then, the expungement order presumably had already been signed by the trial judge. The State's October 14, 2020 motion to set aside the expungement order was made pursuant to Rule 60(b)(1) and Rule 60(b)(6) of the Mississippi Rules of Civil Procedure, which allow a judge to relieve a party from a final judgment or order for "(1) fraud, misrepresentation, or other misconduct of an adverse party" or (6) any other reason justifying relief from the judgment." M.R.C.P. 60(b)(1), (6).

¶5.    Upon receiving the motion to set aside the order of expungement, the trial court immediately ordered a hearing on the matter. At the hearing on November 9, 2020, both parties seemed to agree upon the facts. But while the State characterized Knott's behavior as a misrepresentation in order to gain an advantage in another criminal action, Knott expressed his adherence to the law as written. The trial judge stated he believed that Knott was "an honorable attorney," and the judge further stated that he decided not "to completely label [Knott's behavior] as an utter misrepresentation." The judge then acknowledged that Knott's behavior "toes the line, if not goes a little bit over the line of gamesmanship." In

---

[2] Under the Mississippi Rules of Civil Procedure, an order is not final until entered in the docket by the clerk. *Arrington v. Arrington*, 269 So. 3d 1265, 1268 (¶¶ 14-15) (Miss. Ct. App. 2018) (citing M.R.C.P. 58 & 79(a)). Because the State's motion to vacate the expungement was filed on October 14, 2020, and the order was not filed until the following day, the trial court still had the authority to amend its findings and the order of expungement sua sponte under Mississippi Rule of Civil Procedure 52(b). This process illustrates a different avenue the trial court could have taken in the present case to achieve an identical result.

closing, the trial judge found "that there was a duty to disclose to the Court that there [were] pending charges against Mr. Johnson" before ruling to set aside the order of expungement, and the judge directed the State to furnish the court with a copy of a proposed order. In the trial court's ensuing order, dated the same day as the hearing, the trial court specifically found that Johnson had a duty to disclose his pending felony charges, and the court set aside the prior order of expungement. Johnson subsequently appealed from the trial court's order setting aside the expungement on December 15, 2020.

## STANDARD OF REVIEW

¶6. "Motions that seek relief from judgment pursuant to Rule 60 . . . are addressed to the sound discretion of the trial court, and the only question asked on appeal is whether the trial court's ruling on such a motion amounts to an abuse of discretion." *Accredited Sur. & Cas. Co. v. Bolles*, 535 So. 2d 56, 58 (Miss. 1988) (citing *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)).

## DISCUSSION

¶7. Expungements are purely statutory in nature, with our Supreme Court holding that circuit courts lack inherent power to expunge criminal records unless statutorily authorized. *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015) (citing *Caldwell v. State*, 564 So. 2d 1371, 1373 (Miss. 1990)). Expungement is an act of legislative grace, and no common law right to expungement of criminal records exists. *Polk v. State*, 150 So. 3d 967, 968 (¶6) (Miss. 2014). Given these holdings, this Court must look to the language of Mississippi Code Annotated section 99-19-71 (Rev. 2020) for its analysis. Johnson sought and received

4

an expungement under section 99-19-71(2)(a), which provides:

> [A] person who has been convicted of a felony and who has paid all criminal fines and costs of court imposed in the sentence of conviction may petition the court in which the conviction was had for an order to expunge one (1) conviction from all public records five (5) years after the successful completion of all terms and conditions of the sentence for the conviction upon a hearing as determined in the discretion of the court[.]

¶8. Section 99-19-71(2)(b), which sets forth the requirements a petitioner must follow to expunge a felony conviction such as Johnson's, reads as follows:

> The petitioner shall give ten (10) days' written notice to the district attorney before any hearing on the petition. In all cases, the court wherein the petition is filed may grant the petition if the court determines, on the record or in writing, that the applicant is rehabilitated from the offense which is the subject of the petition. In those cases where the court denies the petition, the findings of the court in this respect shall be identified specifically and not generally.

¶9. Here, Johnson followed the letter of the law. He gave a copy of the petition to the State. The State had seventy-six days to oppose the expungement petition from the time it received a copy of Johnson's petition in the mail and when the petition was signed by the trial judge, and the State did not. Even so, Johnson had an indictment pending for over two years in the same circuit court that he sought his expungement in, which undermines any showing of rehabilitation he may have made.

¶10. It must be observed that the purpose of the expungement statutes is to promote rehabilitation and allow rehabilitated persons to move on with their lives—not to prevent sentencing enhancements. *See Fleming v. State*, 97 So. 3d 1234, 1237 (¶10) (Miss. Ct. App. 2011). It must also be observed that under section 99-19-71(2)(b), a petitioner is not entitled to an expungement. This is in contrast to expungement petitions filed after an acquittal, case

5

dismissal, or by those whose charges were dropped. *See* Miss. Code Ann. § 99-19-71(4); *id*. § 21-23-7(13) (Supp. 2021). Instead, expungements under section 99-19-71(2)(b) are discretionary. In this case nothing entitles Johnson to an expungement. Johnson already had been indicted with the potential enhanced-sentencing penalty for two years before the filing of his expungement. He is not a petitioner who was recently arrested or indicted and who may petition the court to use its discretion in his favor. There was nothing in this instance to prevent the trial court from using its discretion under the Mississippi Rules of Civil Procedure to vacate its prior order.

¶11. Under Rule 61 of the Mississippi Rules of Civil Procedure, "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." M.R.C.P. 61. In *Accredited Surety*, our Supreme Court found that a motion brought under Rule 60(b)(2) could properly be upheld under Rule 60(b)(6) as "any other reason justifying relief." *Accredited Sur*., 535 So. 2d at 60. The Supreme Court reasoned that even though the trial court did not make any express findings under Rule 60(b)(6), because Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses . . . or when it is uncertain that one or more of the preceding clauses afford relief," the "correct decision" was reached by the chancellor, who "did not transcend the boundaries of discretion." *Id*. In that case, the Supreme Court refused to disturb the order on appeal. *Id*.

¶12. Similarly, in our case the "correct decision" has been reached under Rule 60(b)(6) even though the trial court did not make express findings under that rule. In the present case,

6

the facts in the record, including the 2018 indictment, the arrest in 2020 for three charges, and the timeline of Knott's actions as Johnson's attorney suffice to show that the trial court's "Order Granting Respondent's Motion to Set Aside Order of Expungement" could have and should have been set aside under Rule 60(b)(6) as the State requested in its original motion to set aside the order of expungement. The trial court appropriately vacated the order of expungement under Rule 60(b)(6), although express findings under that rule were not made. As a result, based upon the record before us, we cannot say the trial court abused its discretion. Accordingly, we decline to disturb the aforementioned order.

## CONCLUSION

¶13. For the foregoing reasons, we affirm the trial court's order, as the correct decision was reached per the facts in this case under Rule 60(b)(6), and there was no abuse of discretion.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**