757 So.2d 339 (2000)
Edmond Allen JENKINS and Donna B. Jenkins, Appellants,
v.
Eldon Thomas JENKINS, Earl Burnell Jenkins, Lavelle Jenkins McRee, Alice Jenkins Thompson, Edmund Burke Jenkins, Robert Eugene Jenkins, Francis Jenkins Simmons, Shirley Jenkins Sessions, Sara Ann Jenkins White, Henrietta Jenkins Buckley and Dilly Jenkins, Appellees.
No. 97-CA-00968-COA.
Court of Appeals of Mississippi.
April 18, 2000.
*340 David Ringer, Florence, Attorney for Appellants.
John T. Armstrong, Jr., Dudley F. Lampton, Hazlehurst, Attorneys for Appellees.
BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.
IRVING, J., for the Court:
¶ 1. This appeal arises from the Chancery Court of Copiah County, where the trial judge denied Edmond Allen Jenkins and Donna B. Jenkins's (Edmond and Donna) motion to set aside the final judgment which partitioned Edmond and Donna's one-sixth interest from a 219 acre tract of land inherited by both Edmond and Donna and several other Jenkins heirs. Aggrieved by the trial court's refusal to set aside the final judgment, Edmond and Donna now appeal and raise the following issues which are taken verbatim from their statement of the issues:
A. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE AGREED JUDGMENT OF MAY 6, 1993, BETWEEN THE APPELLEES AND APPELLANTS, SERVED AS A WAIVER OF THE RIGHT TO CLAIM ANY ERROR OR MISTAKE IN THE DESCRIPTION IN THE LAND TO BE PARTITED.
B. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT RELIEF FROM JUDGMENT PURSUANT TO M.R.C.P. 60(B)(3).
C. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE DEFENDANTS/APPELLANTS MOTION FOR RELIEF UNDER M.R.C.P. 60(B)(5)(6), DESCRIBED AN UNREASONABLE LENGTH OF TIME AFTER THE JUDGMENT WAS ENTERED.
D. WHETHER TRIAL COURT WAS ERRONEOUS IN ITS DETERMINATION THAT THE ENUMERATED CLAIMS FOR RELIEF UNDER M.R.C.P. 60(B) ARE MUTUALLY EXCLUSIVE.

*341 E. WHETHER STATEMENTS MADE BY THE APPELLANT NEGATE BOTH EXTRAORDINARY CIRCUMSTANCES AND EQUITABLE CONSIDERATIONS.
F. WHETHER AGREEMENTS OR RELIANCE UPON WORK OF A MISSISSIPPI LICENSED SURVEYOR AS BEING ACCURATE, IS A RELIANCE WHICH, WHEN SEASONABLY DISCOVERED TO BE INACCURATE, FOLLOWED BY SEASONABLE APPLICATION FOR RELIEF UNTO THE COURT, IS SUFFICIENT TO JUSTIFY RELIEF FROM A JUDGMENT WHICH WAS ERRONEOUS BECAUSE THE SURVEY WAS ERRONEOUS.
Finding no reversible error, we affirm.

FACTS
¶ 2. Edmond and Donna Jenkins and the Jenkins heirs which include Eldon Thomas Jenkins, Earl Burnell Jenkins, Lavelle Jenkins Mcree, Alice Jenkins Thompson, Edmund Burke Jenkins, Robert Eugene Jenkins, Francis Jenkins Simmons, Shirley Jenkins Sessions, Sara Ann Jenkins White, Henrietta Jenkins Buckley and Dilly Jenkins inherited 219 acres of land located in Copiah County from Jesse Allen Jenkins. On October 12, 1992, the Jenkins heirs filed suit to have their collective five-sixths interest partitioned from Edmond and Donna's one-sixth interest. An agreed judgment was entered on May 6, 1993, in which the parties agreed to partition in kind the 219 acres of land. To accomplish the partition, the trial court appointed commissioners to make the division. On February 23, 1994, over Edmond and Donna's objections, a judgment was entered confirming the commissioners's report which divided the land into two tracts of 182.5 acres and 36.5 acres. Edmond and Donna's 36.5 acre tract was to be located in the southwestern part of the 219 acres and to be adjoined to the five acres already owned by them. A survey was ordered and conducted on the tract allotted to Edmond and Donna. The survey was filed on April 21, 1994. On May 9, 1994, a final judgment was entered which described the 219 acres being partited, awarded the 36.5 acres per survey description to Edmond and Donna, and awarded the remaining 182.5 acres to the Jenkins heirs. The judgment also instructed Edmond and Donna to remove their trailers from the Jenkins heirs' 182.5 acre tract within thirty days.
¶ 3. Aggrieved with the location of the 36.5 acres, Edmond and Donna appealed. Since the appeal was without supersedeas bond, the Jenkins heirs sought and were granted an injunction requiring Edmond and Donna to remove trailers, dog pens, skinning sheds and other deer camp equipment from the 182.5 acres by November 28, 1994. The injunction was subject to Edmond and Donna's posting a supersedeas bond. Edmond and Donna posted the bond, and the injunction was stayed. On August 6, 1996, this Court affirmed the lower court's judgment. See Jenkins v. Jenkins, 691 So.2d 1050 (Miss.Ct.App. 1996). Edmond and Donna's petition for rehearing was denied on October 15, 1996. On January 9, 1997, the Mississippi Supreme Court denied certiorari.
¶ 4. The present controversy involves a motion filed by the Jenkins heirs on March 18, 1997. In the motion, the Jenkins heirs requested the trial court to require Edmond and Donna to show cause why they should not be found in contempt of court for failing to comply with the final judgment and the injunction judgment which required Edmond and Donna to move the trailers, dog pens, and other deer camp equipment. On May 8, 1997, Edmond and Donna responded to the motion and asserted an affirmative defense that they did not have time to remove their property due to inclement weather and that the date in the judgments had expired and no new date had been set. Additionally, Edmond *342 and Donna filed a counter-motion seeking Rule 60(b) relief of the final judgment and a repartition under Miss.Code Ann. § 11-21-35 (1972). Edmond and Donna claimed that their separate five acre tract, which was included in the survey, was actually 17 acres, thus 12 acres of their fee land was included in the land allotted to them in the partition. On June 23, 1997, the trial court entered an order denying the Jenkins heirs motion for contempt and also denying Edmond and Donna's counter-motion and request for relief under M.R.C.P. 60(b). We affirm the judgment of the trial court.

STANDARD OF REVIEW
¶ 5. Appellate review of Rule 60(b) motions is limited. Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss. 1984). We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion. Considerations of a Rule 60(b) motion requires a balancing between granting a litigant a hearing on the merits with the need to achieving finality in litigation. Id.; Briney v. U.S. Fidelity & Guar., Co., 714 So.2d 962, 966 (Miss.1998). Additionally, the allegations and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled. Askew v. Askew, 699 So.2d 515, 520 (Miss.1997). In our discussion, we will consolidate the issues into one, for the central focus of all the issues is that the trial judge abused his discretion in not granting relief from the final judgment.

ANALYSIS OF THE ISSUES PRESENTED

Did the trial judge abuse his discretion by not granting Rule 60 relief to amend the final judgment?
¶ 6. Edmond and Donna sought relief from the final judgment under Rule 60(b)(3)(5)(6) of the Mississippi Rules of Civil Procedure. The chancellor denied relief, finding (a) that motions for relief under Rule 60(b)(2)(3) must be brought within six months and that Edmond and Donna's motion was time barred because it was brought more than six months after the final judgment, (b) that claims under Rule 60(b)(5)(6) must be brought within a reasonable time after the final judgment and that Edmond and Donna's motion, filed two years and nine months after entry of the final judgment, was not filed within a reasonable time, (c) that the agreed final judgment entered on May 6, 1993, operated as a waiver of the right to claim any error or mistake in the description of the land to be partited, and (d) that Edmond's statement that he "was familiar with every acre of the subject property" negated an actualization of both extraordinary circumstances and equitable consideration. As stated, we agree with the chancellor's denial of relief under Rule 60(b).
¶ 7. The pertinent portions of Rule 60(b) read:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.

*343 The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and neither ignorance nor carelessness on the part of an attorney will provide grounds for relief." Stringfellow, 451 So.2d at 220. A party is not entitled to relief merely because he/she is unhappy with the judgment. Id. The party must make a showing that he/she was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough. Id.
¶ 8. Edmond and Donna argue that the chancellor abused his discretion in finding that the May 6, 1993, agreed judgment constituted a waiver of their right to claim relief, due to mistake, pursuant to Rule 60(b)(2). They argue that they satisfied the four prongs, enunciated in Guthrie v. Guthrie, 226 Miss. 190, 84 So.2d 158, 161 (1955), which are required for successful prosecution of a claim for relief:
(1) [T]he facts constituting the fraud, accident, or mistake or surprise must have been the controlling factors in the effectuation of the original decree, without which the decree would not have been made as it was made; (2) the facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved; (3) the facts must not have been known to the injured party at the time of the original decree; and (4) the ignorance thereof at the time must not have been the result of want of reasonable care and diligence.
Edmond and Donna argue that the court appointed surveyor erroneously included lands already owned by them into the partited lands. They assert that the five acres, which they owned in fee simple and which was included in the survey, was actually seventeen acres and thus twelve acres of their fee was included in the partition. Edmond and Donna argue, therefore, that they would not have entered into the agreed judgment had they known the court appointed surveyor erred.
¶ 9. Edmond and Donna's assertion that they relied on the court ordered survey is untenable. They could not have relied on the survey, because the survey was not conducted until April 13, 1994, which was almost a year after the parties entered into the May 6, 1993, agreed judgment. Though the agreed judgment did not have the court-appointed surveyor's plat attached to it, the survey was filed on April 21, 1994, and on May 9, 1994, a final judgment, which described Edmond and Donna's tract per the survey, was entered. As stated, Edmond and Donna did not file their claim for relief until May 8, 1997; therefore, as determined by the chancellor, their claim was untimely. Because the claim for relief was untimely, we need not address whether Edmond and Donna's assent to the agreed judgment on May 6, 1993, waived their right to later make a claim for relief from it.
¶ 10. Edmond and Donna's next argument that the chancellor abused his discretion in not granting relief on the basis of Rule 60(b)(3), which allows relief based on newly discovered evidence, likewise must fail for the reason asserted by the chancellor. The Mississippi Supreme Court has held that "where the grounds of [Rule 60(b)(1), (2) and (3)] are the basis for action, the court is without authority if the motion is not made within the six-month time period." Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990). Edmond and Donna attempt to get around the six month time bar by arguing that the judgment referred to in Rule 60(b) is the judgment of the appellate court, and since they filed a motion for relief within six months of the opinion handed down by this Court in the direct appeal of the partition judgment, their motion for relief was timely. This argument is utterly frivolous, as a casual reading of Rule 60(b) leaves no *344 doubt that the judgment referred to in the rule is the judgment of the trial court.
¶ 11. The final argument advanced by Edmond and Donna, that the chancellor abused his discretion for not granting relief under subsections (5) and (6) of Rule 60(b), faces the same waterloo as their other arguments. As stated previously, motions under 60(b)(5) and (6) must be filed within a reasonable period of time. In Briney v. United States Fidelity & Guaranty Company, 714 So.2d 962, 966-67 (Miss.1998), the Mississippi Supreme Court, addressing the issue of reasonableness, quoted approvingly the following language from Heirs-at-Law & Beneficiaries of Gilbert v. Dresser Industries, Inc., 158 F.R.D. 89, 96 (N.D.Miss.1993) (quoting 11 Wright & Miller, Federal Practice & Procedure 2866):
What constitutes reasonable time must of necessity depend upon the facts in each individual case. The Courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party has some good reason for his failure to take appropriate action sooner.
The Briney court also quoted, with approval, the following language from Batts v. Tow-Motor Forklift Co., 153 F.R.D. 103, 109 (N.D.Miss.1994) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir.1981)):
(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) [relevant only to default judgments]; (6) whether if the judgment was rendered after a trial on the meritsthe movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.
Briney, 714 So.2d at 968.
¶ 12. Edmond and Donna argue that for purpose of calculating the reasonableness, vel non, of their actions, the time began to run when they discovered the survey, undergirding the judgment, was inaccurate. No reason was offered why Edmond and Donna could not have determined for themselves the physical boundaries and size of their property. In fact, the court appointed surveyor relied upon Edmond and Donna's representation in the agreed judgment that they owned exactly five acres in order to conduct the survey. Furthermore, their claim of mistake as to the amount of land owned by them is based on a 1928 deed which has been on record for a considerable period of time. Thus, the deed was available for their inspection prior to entering the agreed judgment. Edmond and Donna's ignorance or carelessness in failing to discover the exact size of their property does not provide grounds for relief from the agreed judgment, nor does it provide grounds for relief from the final judgment. As stated earlier, Edmond and Donna failed to provide a good reason for not discovering the error sooner. They had opportunity before they entered into the agreed judgement to survey their own property, but did not avail themselves of this opportunity. Therefore, we find that the trial court did not abuse its discretion, when it held that the motion was not filed within a reasonable time.
¶ 13. Edmond and Donna also argue that the discovery of new evidence in the case sub judice constitutes extraordinary and compelling circumstances which demand relief under Rule 60(b)(6). As correctly held by the trial court, relief under Rule 60(b)(6) "must be based on some other reason than the first five clauses, and it must be some ground which will justify relief from the final judgment." Bryant, Inc. v. Walters, 493 So.2d 933, 939 (Miss.1986). The "any other reason" language *345 refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion. Moore v. Jacobs, 752 So.2d 1013 (¶ 13) (Miss.1999).
¶ 14. Edmond and Donna admitted in the pre-trial oral argument that the extraordinary circumstances asserted under Rule 60(b)(6) was really newly discovered evidence. The following exchange occurred during the pretrial oral argument:
BY THE COURT: But really, doesn't it boil down on a bottom line basis to newly discovered evidence.
BY MR. BRAND (Counsel for Edmond and Donna):
I guess it does boil down to newly discovered evidence, Judge, but it's not evidenceit would have had to be brought out in this proceeding. I mean, now Allen is being forced to defend his title to his 5 acres of land.
BY THE COURT: But, again, my question is bottom line the extraordinary circumstances is really newly discovered evidence.
BY MR. BRAND: Yes Sir. And I think it rises to the level of being extremely extraordinary.
¶ 15. We have already found that the chancellor was correct in his ruling that claims under Rule 60(b)(3) must be asserted within six months after the entry of the judgment. Edmond and Donna's attempt here to disguise what is really a Rule 60(b)(3) motion in the apparel of a Rule 60(b)(6) motion is unavailing. The trial court did not abuse its discretion in denying relief under Rule 60(b)(6) as untimely.

CONCLUSION
¶ 16. We hold that the chancellor did not abuse his discretion in refusing to grant relief under Rule 60(b) as Edmond and Donna failed to file their motion timely as required by the rule. It is also clear that Edmond and Donna, couching their claim for relief as one based on mistake or newly discovered evidence, were really attempting to relitigate the partition matter that they had already litigated and lost. It is noteworthy that the survey, which allegedly discovered the mistake in the number of acres which Edmond and Donna had owned separately for some time, appears to have been done after appellees filed their motion to hold Edmond and Donna in contempt for failure to comply with the previous judgments of the trial court. Since we have determined that the chancellor did not err in concluding that Edmond and Donna's motion was untimely, it is not necessary to address the merits of their remaining issues.
¶ 17. THE JUDGMENT OF THE COPIAH COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESS TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.