829 So.2d 710 (2002)
Edmond Allen JENKINS and Donna B. Jenkins, Appellants,
v.
Eldon Thomas JENKINS, Earl Burnell Jenkins, Lavelle Jenkins McRee, Alice Jenkins Thompson, Edmund Burke Jenkins, Francis Jenkins Simmons, Shirley Jenkins Sessions, Sara Ann Jenkins White, Henrietta Jenkins Buckley, Dilly Jenkins and Robert Eugene Jenkins, Appellees.
No. 2001-CA-01337-COA.
Court of Appeals of Mississippi.
October 29, 2002.
John R. Reeves, Jackson, attorney for appellants.
John T. Armstrong, Jr., Dudley F. Lampton, Hazlehurst, attorneys for appellees.
Before McMILLIN, C.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the court.

Procedural History
¶ 1. A partition suit was filed in the Chancery Court of Copiah County, Mississippi, on October 12, 1992, seeking to divide real property, where the plaintiff/appellees, Eldon Thomas Jenkins et al. (Eldon), owned 5/6 interest and the defendant/appellants, Edmond Allen and Donna B. Jenkins (Allen), owned the other 1/6 interest. On May 6, 1993, the parties entered an agreed judgment which adjudicated that the tract of land in dispute contained 219 acres, more or less, with the land being specifically described according to a government survey. It was further agreed that the tract could be partited in kind by appointed commissioners. Judgment was entered on February 23, 1994, dividing the land into two tracts of 182.5 acres and 36.5 acres, the former granted to Eldon. Final judgment was entered on May 9, 1994, adjudicating the same and setting forth an appeal bond in the amount of $38,021.
¶ 2. Aggrieved, Allen appealed to the Mississippi Supreme Court. The case was deflected to this Court and we entered judgment affirming the decision of the *711 chancery court on August 6, 1996. Allen's petition for rehearing was denied on October 15, 1996, and the supreme court denied certiorari on January 9, 1997.
¶ 3. On March 18, 1997, Eldon filed a motion for contempt for failure to comply with the final order. Allen filed a counter-motion on May 8, 1997, seeking Mississippi Rules of Civil Procedure Rule 60 relief and sought to reopen the partition proceedings under section 11-21-35 of the Mississippi Code. The chancery court ruled on June 23, 1997, that Allen was time-barred from asserting Rule 60(b)(2) and (3) arguments by the running of the statute of limitations for appeals. The court further ordered that Allen's arguments for Rule 60(b)(5) and (6) were also barred because the arguments were not filed within a reasonable time after the judgment was entered. See Hinds Co. Bd. of Supervisors v. Common Cause of Miss., 551 So.2d 107 (Miss.1989). It was also determined by this Court and reiterated by the chancery court that the agreed judgment entered on May 6, 1993, operated as a waiver of any rights or claims concerning the property. The chancery court again ordered a supersedeas bond in the amount of $38,021, in the event an appeal was prosecuted. The chancery court found Allen was not in compliance with the injunction and fined him $2,200 plus attorney's fees and the half of the expenses of a surveyor for a total judgment of $2750.
¶ 4. Allen appealed. On April 18, 2000, this Court again affirmed the 1997 judgment of the Copiah County Chancery Court, awarding statutory damages and interest. Eldon filed a motion for judgment on appeal bond on October 23, 2000, seeking penalties and interest. The chancery court, by way of a special chancellor, ordered that Allen pay penalties in the amount of 15% of the value of the land, or $4,562.50 and interest at an annual rate of 8%, beginning to run from July 6, 2001. Aggrieved, Allen comes back before this Court raising two issues for review:
I. WHETHER THE TRIAL COURT ERRED IN ASSESSING A 15% APPEAL PENALTY BASED ON A MANDATE HANDED DOWN BY THE MISSISSIPPI COURT OF APPEALS.
II. WHETHER THE TRIAL COURT ERRED IN ASSESSING INTEREST ON THE 15% APPEAL PENALTY BASED ON A MANDATE HANDED DOWN BY THE MISSISSIPPI COURT OF APPEALS.
¶ 5. Finding no error, we affirm the order of the chancery court.

Legal Analysis
¶ 6. The two issues on appeal may be consolidated into one for discussion purposes. Allen contends that our Court did not issue penalties and interest against him in our mandate. Therefore, Allen asserts, the chancery court was in error when it ordered penalties and interest without direction from our Court. Eldon contends that we issued such an order for penalties and interest in the mandate handed down in May of 2000. We agree with Eldon.
¶ 7. Section 11-3-23 of the Mississippi Code Annotated (Rev.1991) provides that if the appellant is not successful in his appeal bid, "the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) ... [i]f the judgment or decree be for the possession of real or personal property." In our mandate, we clearly assessed penalties and interest against Allen. It is not for our Court to determine the exact amount of the damages, as we defer this task to the court that heard the complaint. Upon our mandate and motion by Eldon, the chancery court issued penalties of 15% of the value of the land pursuant to statute and *712 interest from the date the penalty was determined. There was no error and we affirm the Copiah County Chancery Court.
¶ 8. THE JUDGMENT OF THE COPIAH COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.