ROBERTS, J.,
for the Court:
¶ 1. The instant litigation has a long, storied, and confusing procedural history. To summarize, Charles and Vera Davis (the Davises) owned 160 acres of property in Hinds County, Mississippi. The Davises took out a loan on a 6.32-acre portion of the property with Countrywide Home Loans, Inc. (Countrywide) being the loan’s beneficiary. The Davises brought suit against Countrywide regarding an issue with the property description in the loan as it encumbered all 160 acres as opposed to just the 6.32 acres originally intended by the parties. Countrywide executed a release of all property in the description except for the 6.32 acres. The case was sent to arbitration where the arbitrator found that the Davises’ claims had no merit. The Davises attempted to amend their complaint, but the Hinds County Chancery Court dismissed the case with prejudice. Still having received no payments from the Davises, Countrywide commenced its first foreclosure. The Davises filed suit again alleging the same issues from the previous suit. This case was removed to federal court where summary judgment was granted in favor of Countrywide. Countrywide commenced its second foreclosure. This foreclosure was completed. A year later, on February 7, 2008, the Davises filed suit again; this time, they filed a petition to set aside the foreclosure. The chancery court granted summary judgment in favor of Countrywide. The Davises then filed a motion to set aside judgment under Mississippi Rule of Civil Procedure Rule 60, a motion for summary judgment on the issue of attorney’s fees, and a motion for reconsideration. All of these motions were denied by the chancery court. It is from this final denial of the Rule 60 motion that this appeal is now before us.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 5, 1993, the Davises acquired 160 acres of property in Hinds County, Mississippi. The deed describes the property as “[t]he West Half (W 1/2) of the Northeast Quarter (NE 1/4) and the North Half (N 1/2) of the Southeast Quar *1165 ter (SE 1/4) of Section 24, Township 3 North, Range 2 West, Second Judicial District of Hinds County, Mississippi.”
¶ 3. Using the same property description, the Davises took out a $300,000 loan against the property with the beneficiary being Countrywide.[1] The parties only intended to include the 6.32-acre homesite for the loan; however, as the property description read, it included all 160 acres. On May 14, 2002, Countrywide executed a partial release. This document “releases from the lien” all the property included in the property description excluding the 6.32 acres that were originally intended to be covered by the loan.
¶ 4. Four months later, on August 6, 2002, the Davises brought suit in the Hinds County Circuit Court alleging negligence, negligent or intentional misrepresentation, and fraud. They sought $100,000,000 in compensatory damages and $100,000,000 in punitive damages. On October 4, 2002, the Davises filed a complaint in the United States District Court for the Southern District of Mississippi. In their complaint, the Davises sought to have the district court compel the arbitration of the claims in the August 6, 2002 circuit court case. The district court issued an opinion and order on December 13, 2002, compelling arbitration of all of the Davises’ claims against Countrywide. The arbitrator found that the Davises were entitled to no relief. The Davises then filed a motion to amend their complaint and a motion requesting the district court to examine affidavits prior to dismissing claims and entering an arbitration order.[2] Judge William Barbour Jr., the district court judge, denied the Davises’ motions, did not vacate the arbitration award, and found that its decision “represents the resolution of all claims [the Davises] had against [Countrywide].” It was also at this time that the district court dismissed the case with -prejudice on January 19, 2005. The Davises then filed, in the district court, a motion for reconsideration of the January 2005 district court’s opinion. On March 8, 2005, the district court denied the Davises’ motion for reconsideration.
¶ 5. Undeterred, on May 24, 2005, the Davises filed another suit. This time it was a complaint for injunctive relief and a temporary restraining order. This suit was filed in the chancery court, but it was then removed to federal district court with Judge Henry Wingate presiding. Countrywide filed a motion for summary judgment asking the district court to declare an easement by implication on a portion of the Davises’ property. The district court entered an amended final judgment granting Countrywide’s motion for summary judgment and an easement by implication over the Davises’ property on December 18, 2006. The Davises had not made any payment on their $300,000 mortgage since February 22, 2001. Countrywide proceeded to foreclose on the property. On February 28, 2007, a substitute trustee deed was executed when Countrywide completed the foreclosure process on the 6.32 acres of land and easement.
¶ 6. On February 7, 2008, once again undeterred, the Davises filed a petition to set aside the foreclosure in the chancery court. On April 30, 2009, the chancery court issued an opinion and order denying the Davises’ motion for summary judgment because it contains no allegations for which relief may be granted and finding *1166 that the issues involved are subject to res judicata. . It granted Countrywide’s motion for summary judgment. The Davises were also ordered to vacate the property on or before May 31, 2009. Less than one month later, the Davises filed a motion to set aside the judgment under Rule 60, a motion for summary judgment on the issue of attorney’s fees, and a motion for reconsideration. Countrywide filed a combined response to the Davises’ motions, a motion to stay the order, and a motion for contempt since the Davises had failed to vacate the property. The chancery court denied the Davises’ post-trial motions with prejudice and found them in contempt for failing to vacate the property pursuant to the April 30th order.
¶ 7. It is from this last denial of the post-trial motions that the Davises appeal. They raise the following issues on appeal:
I. Whether the chancery court erred in not setting aside the foreclosure due to the incorrect property descriptions.
II. Whether the chancery court erred in not setting aside the foreclosure due to newly discovered evidence.
Finding no error, we affirm.
STANDARD OF REVIEW
¶ 8. “When reviewing a grant or denial of a Rule 60(b) motion, an appellate court will only reverse the ruling of a chancellor upon the finding of abuse of discretion.” Cuffee v. Wal-Mart Stores, Inc., 977 So.2d 1187, 1191 (¶ 14) (Miss.Ct.App.2007) (citing City of Jackson v. Jackson Oaks Limited Partnership, 860 So.2d 309, 311 (¶ 6) (Miss.2003)). A chancellor’s finding of fact is subject to the manifest error/substantial evidence standard, but questions of law are reviewed de novo. Jenkins v. Terry Invs., LLC, 947 So.2d 972, 977 (¶ 15) (Miss.Ct.App.2006).
ANALYSIS
I. Property Description
¶ 9. In their brief, the Davises now argue that the property description in the original deed of trust was ambiguous and incorrect; thus, the subsequent foreclosure sale using that property description is invalid and should be set aside. They argue that the description in the deed of trust encumbers the whole property, including land owned by persons other than the Davises, and that Countrywide’s partial release is not sufficient to cure the error in the property description stated in the deed of trust. As is apparent from the record provided to us, this case has a very lengthy procedural history. The claims have been presented to or heard by a chancellor, a circuit judge, two federal district court judges, and an arbitrator; each time, the claims have been dismissed with, prejudice or found without merit. In the chancellor’s April 30, 2009 opinion, he found that the Davises’ claims were subject to res judicata. “Res judicata is a doctrine which protects the finality of judgments.” Jenkins, 947 So.2d at 977 (¶ 18). “[It] requires four elements: (1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of a person against whom the claim is made.” Id. (citation omitted).
¶ 10. While we might completely agree that the Davises’ claims are subject to res judicata, that issue is not properly before us. We must deal solely with the chancellor’s denial of the Rule 60 motion for relief from judgment.
II. Rule 60
¶ 11. The Davises next argue that the chancellor erred in denying their Rule 60(b) motion to set aside the judgment based on newly discovered evidence. *1167 It is well-settled law in Mississippi that granting a Rule 60(b) motion requires a showing of the following:
(1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new rer suit.
Cuffee, 977 So.2d at 1191-92 (¶ 18) (quoting Moore v. Jacobs, 752 So.2d 1018, 1015 (¶ 18) (Miss.1999)). It is also well-settled law that it is incumbent upon the appellant “to provide authority in support of an assignment of error.” Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶4) (Miss.Ct.App.2005) (quoting United Plumbing & Heating Co. v. Mosley, 835 So.2d 88, 92 (¶ 8) (Miss.Ct.App.2005)). The Davises failed to cite to any authority in support of their argument that the chancellor erred by not setting aside the foreclosure due to newly discovered evidence, essentially a Rule 60(b) motion. This Court has found that the “[f]ailure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment.” Id. Therefore, we will not address this assignment of error.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The note and deed of trust were assigned to Countrywide by WMC Mortgage Company on March 5, 2001.

. The district court construed the two motions together to as a motion to vacate the arbitration award.