822 So.2d 1072 (2002)
Debba BROWN, Appellant,
v.
The ESTATE OF Johnny J. JOHNSON, Deceased, and Amanda Johnson, Individually, Appellees.
No. 2001-CA-00572-COA.
Court of Appeals of Mississippi.
April 2, 2002.
Rehearing Denied July 30, 2002.
*1073 B. Ruth Johnson, attorney for appellant.
Olen C. Bryant, Jr., Hazlehurst, attorney for appellees.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Debba Brown, formerly Debba Johnson, filed suit in the Chancery Court of Lincoln County seeking, among other things, to set aside a previous final judgment of divorce obtained in that court dissolving her marriage to Johnny Johnson. Johnson was deceased at the time the action was filed and Brown named as parties her former husband's estate and Amanda Johnson, to whom Johnson had become married after the divorce. Brown's allegation was that the judgment of divorce was obtained by fraud in that Johnson had failed to disclose significant assets, both in response to discovery requests and in his compliance with the disclosure requirements of Uniform Chancery Court Rule 8.05. The chancellor found that the action was improper and that Johnson's sole remedy would have been to pursue a motion for relief under Mississippi Rule of Civil Procedure 60(b)(1), but that the six month period to seek relief under that authority had expired long before Johnson's action was filed.
¶ 2. Brown has now appealed, contending that Rule 60(b)(1), by its explicit terms, does not purport to limit her right to pursue "an independent action to ... set aside a judgment for fraud upon the court." M.R.C.P. 60(b).
¶ 3. Brown's argument fails to note the distinction between an alleged "fraud ... of an adverse party" and a "fraud upon the court" as the two are set out in Rule 60. The two concepts are not interchangeable.
Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial functionthus where the impartial functions of the court have been directly corrupted.
Bulloch v. U.S., 763 F.2d 1115, 1121 (10th Cir.1985) (citations omitted).
¶ 4. The language of Rule 60(b) does not create a right of independent action to set aside a judgment where none existed before. Rather, its purpose is simply to explicitly acknowledge the long-existing right of a party to collaterally attack a void judgment. If Brown has such a right to bring a collateral attack on the 1997 divorce judgment, that right must be found somewhere other than the language of Rule 60(b) relied upon by her as her authority to maintain this action. That authority does not exist as to the ground for relief asserted by Brown. Brown's claim is based on the claim that Johnson, in his various discovery requests and related disclosures, swore falsely to the accuracy of representations regarding his financial condition. Mere perjury is not ground for a collateral attack on a judgment of divorce. Kirby v. Kent, 172 Miss. 457, 459, 160 So. 569, 572 (1935). Such allegations are in the nature of claims of fraud against a party to the proceeding rather than the kind of fundamental interference with the administration of the justice system that would amount to the more serious and more narrowly defined fraud upon the court.
*1074 ¶ 5. In this case, Brown and Johnson were divorced by judgment entered December 22, 1997. This action was not commenced until June 6, 2000. The rules of procedure governing civil litigation in this state, and, in particular, Rule 60(b), deal with two concepts that tug in opposite directions. One is that, human nature being what it is, inevitably parties and witnesses will misrepresent facts and swear falsely under circumstances, which will lead these actions to be difficult to discover contemporaneously with the event. The second is that, at some point, there must be finality to litigation. Rule 60(b)(1) deals with these competing considerations by (a) providing a window of opportunity in the post-judgment period, albeit a relatively narrow one, for a party to discover and act upon alleged improper conduct by a party or a witness in the course of the litigation, and (b) barring any subsequent litigation attacking the validity of the judgment on that ground once that window of opportunity has closed. Under Rule 60(b), that window, as to the allegations advanced in Brown's complaint, closed forever in late June 1998. The chancellor did not err in dismissing this action as untimely.
¶ 6. THE JUDGMENT OF THE CHANCERY COURT OF LINCOLN COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.