985 So.2d 346 (2007)
Sheila Ann Peninger SHAW, Appellant
v.
Michael George SHAW, Appellee.
No. 2006-CA-01360-COA.
Court of Appeals of Mississippi.
October 9, 2007.
Rehearing Denied January 15, 2008.
Christopher A. Tabb, Brandon, attorney for appellant.
J. Edward Rainer, Brandon, Lora Suzanne Gipson, attorneys for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
*348 BARNES, J., for the Court.
¶ 1. The Chancery Court of Rankin County, in a hearing for a motion for contempt and modification of the property settlement made by Sheila Peninger Shaw, dismissed the motion with prejudice. Specifically, the chancery court held that Michael George Shaw did not commit fraud against either the court or Mrs. Shaw, that the statute of limitations had expired with regards to Mrs. Shaw's claim for modification of the property settlement agreement, and that the agreed division of property and assets between Mr. and Mrs. Shaw was not eligible for modification. Finding no error in the chancellor's decision, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Mrs. Shaw filed a complaint for divorce in the Chancery Court of Rankin County, Mississippi, on March 22, 1996. Along with her complaint, she submitted a financial statement pursuant to Rule 8.05 of the Uniform Chancery Court Rules. Mrs. Shaw filed interrogatories and a request for production of documents to her husband, Michael George Shaw, on October 29, 1996. On June 25, 1997, Mrs. Shaw filed a motion to compel discovery. On July 7, 1997, Mr. Shaw filed his interrogatory responses to discovery and, approximately one month later, submitted an unsigned financial statement to Mrs. Shaw. Mr. Shaw did not file a financial statement with the chancery court. Mr. Shaw did not list his 401K account in the interrogatories or under the "Pensions and Retirement" portion of his financial statement. Mr. Shaw did, however, list a monthly deduction of $209.15 on the financial statement under "Mandatory Insurance" with a handwritten notation "401 retirement (my option)." The divorce was granted on February 5, 1998.
¶ 3. On March 15, 2005, Mr. Shaw filed a petition for modification of former judgment of divorce and, as part of that litigation, filed a Rule 8.05 financial statement, along with copies of tax returns. Realizing that Mr. Shaw had a 401K account at the time of the divorce,[1] Mrs. Shaw filed a motion for contempt and modification requesting that (1) the property settlement agreement entered into on February 5, 1998 be set aside, (2) Mr. Shaw be required to file a complete and accurate financial statement, and (3) Mrs. Shaw be awarded an equitable division of the 401K account, together with interest from the date of the judgment of divorce. On July 26, 2006, the chancellor ruled in favor of Mr. Shaw on all counts finding that Mr. Shaw did not commit fraud against either the court or Mrs. Shaw, the statute of limitations had expired with regards to Mrs. Shaw's claim for modification of the property settlement agreement, and Mrs. Shaw's request for modification of the agreed division of property and assets could not be granted as the agreement was not modifiable. Mrs. Shaw filed a timely appeal from the chancellor's ruling.

STANDARD OF REVIEW
¶ 4. Our scope of review in domestic relations matters is limited by the substantial evidence/manifest error rule. Mizell v. Mizell, 708 So.2d 55, 59(¶ 12) (Miss.1998) (citing Stevison v. Woods, 560 So.2d 176, 180 (Miss.1990)). "This Court will not disturb the findings of a[c]hancellor unless the [c]hancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). This Court is required to respect the findings *349 of fact made by a chancellor which are supported by credible evidence and not manifestly wrong. Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990). This is particularly true "in the areas of divorce and child support." Mizell, 708 So.2d at 59(¶ 13) (quoting Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989)). However, "when we review questions of law, a de novo standard of review is applied." Bayview Land, Ltd. v. State, 950 So.2d 966, 972(¶ 8) (Miss.2006).
I. WHETHER THE TRIAL COURT ERRED IN FINDING MR. SHAW HAD NOT COMMITTED FRAUD ON THE COURT OR ON MRS. SHAW.
¶ 5. Mrs. Shaw asserts that Mr. Shaw's failure to submit a Rule 8.05 financial statement to the chancery court constituted fraud and was grounds for contempt and sanctions. Rule 8.05 states:
Unless excused by Order of the Court for good cause shown, each party in every domestic case involving economic issues and/or property division shall provide the opposite party or counsel, if known, the following disclosures:
(A) A detailed written statement of actual income and expenses and assets and liabilities, such statement to be on the forms attached hereto as Exhibit "A" and "B."
(B) Copies of the preceding year's Federal and State Income Tax returns, in full form as filed, or copies of W-2s if the return has not yet been filed.
(C) A general statement of the providing party describing employment history and earnings from the inception of the marriage or from the date of divorce, whichever is applicable.
The party providing the required written statement shall immediately file a Certificate of Compliance with the Chancery Clerk for filing in the court file. The Certificate of Compliance shall be in the form of the attached Exhibit "C."
The foregoing disclosures shall be made by the plaintiff not later than the time that the defendant's Answer is due, and by the defendant at the time that the defendant's Answer is due, but not later than 45 days from the date of the filing of the commencing pleading. The Court may extend or shorten the required time for disclosure upon written motion of one of the parties and upon good cause shown.
When offered in a trial or a conference, the party offering the disclosure statement shall provide a copy of the disclosure statement to the Court, the witness and opposing counsel.
This rule shall not preclude any litigant from exercising the right of discovery, but duplicate effort shall be avoided.
The failure to observe this rule, without just cause, shall constitute contempt of Court for which the Court shall impose appropriate sanctions and penalties. [Amended effective July 1, 1996.]
Mr. Shaw submitted an unsigned financial statement to Mrs. Shaw's attorney, which showed a monthly deduction of $209.15 listed under the heading "Mandatory Insurance." Beside this category was handwritten, "401 retirement (my option)." Nothing was entered under the heading "Pensions and Retirement."
The elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's *350 truth; (8) the hearer's right to rely thereon; and, (9) the hearer's consequent and proximate damages.
Gamble v. Dollar Gen. Corp., 852 So.2d 5, 10(¶ 12) (Miss.2003). The concept of an alleged fraud against an adverse party is not interchangeable with a fraud upon the court as the two are set out in Mississippi Rules of Civil Procedure Rule 60. Brown v. Estate of Johnson, 822 So.2d 1072, 1073(¶ 3) (Miss.Ct.App.2002). Allegations of non-disclosure in pretrial discovery will not support an action for fraud on the court. Id. Allegations of perjury are in the nature of claims of fraud against a party to the proceeding rather than the kind of fundamental interference with the administration of the justice system that would amount to the more serious and more narrowly defined fraud upon the court. Id. Mr. Shaw stated at trial that since he did not see the magic term "401K," he did not think it applied there, explaining why he wrote it in under "Mandatory Insurance." Mrs. Shaw even makes the statement in her brief, "Mr. Shaw just overlooked it." From our review of the record, it does not appear that Mr. Shaw spoke falsely about his 401K or intentionally attempted to conceal the asset from Mrs. Shaw. The existence of a 401K account was mentioned in the financial statement provided to Mrs. Shaw, even though it was not in the manner preferred. In addition, the record contains a copy of the Shaw's 1995 tax returns, signed by Mrs. Shaw after filing her complaint for divorce, which had Mr. Shaw's W-2 attached. Yearly deductions for Mr. Shaw's 401K account were distinctly listed on his W-2 form. The accountant's statement indicated that all of the information contained in the returns was obtained from Mrs. Shaw. Mrs. Shaw, therefore, had ample opportunity to become aware of the 401K account prior to entering the property settlement agreement. We find that the trial court was not manifestly wrong in finding that Mr. Shaw was not guilty of fraud.
¶ 6. Mrs. Shaw also claims that since Mr. Shaw failed to disclose his 401K asset, under Kalman v. Kalman, 905 So.2d 760 (Miss.Ct.App.2004), he violated Rule 8.05, which requires a detailed and truthful disclosure, and he should be sanctioned for contempt. In Kalman, the husband won $2.6 million in the Ohio state lottery which he failed to disclose, and the Court reversed and remanded for determination of contempt in light of Rule 8.05.[2] We did not, however, state that every failure to file an 8.05 or inaccuracies in an 8.05 financial statement would always justify a citation for contempt. "A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact." Kalman, 905 So.2d at 762(¶ 9). A citation is proper when "the contemnor has willfully and deliberately ignored the order of the court." Id. at 762(¶ 10) (quoting Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997)). As we have upheld the chancellor's finding that Mr. Shaw did not commit fraud either upon the court or upon Mrs. Shaw, we similarly find that the chancellor did not err in determining that a contempt citation against Mr. Shaw was not warranted. We note that it is correct that "Uniform Chancery Court Rule 8.05 requires each party to a `domestic case involving economic issues' to provide a detailed financial statement to the court." Bland v. Bland, 629 So.2d 582, 587 (Miss. 1993). "It is also true that the court may, pursuant to Rule 8.05, excuse such a requirement." Id.
¶ 7. While we agree that a 401K account is subject to equitable division, we find *351 that, in this instance, its existence was mentioned in the unsigned Rule 8.05 financial statement and could have easily been followed up on by Mrs. Shaw prior to her entering into the property settlement agreement. Therefore, we affirm the chancery court's judgment finding that Mr. Shaw did not commit fraud against the court or Mrs. Shaw.
II. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT MRS. SHAW'S CLAIM FOR MODIFICATION OF THE PROPERTY SETTLEMENT WAS TIME-BARRED DUE TO THE STATUTE OF LIMITATIONS.
¶ 8. When considering issues of law such as statutes of limitations, this court employs a de novo standard of review. Carter v. Citigroup, Inc., 938 So.2d 809, 817(¶ 36) (Miss.2006). Mrs. Shaw did not specifically plead fraud in the motion for contempt and modification. Fraud was raised at the hearing, and counsel for Mrs. Shaw moved to amend the pleadings. Counsel for Mr. Shaw argued that there should have been a proper motion with fraud specifically pled. The chancellor, however, wanted to hear the case before ruling on the issue of the statute of limitations.
¶ 9. Mrs. Shaw claims that Mr. Shaw concealed his 401K assets either intentionally, or at best, negligently, and this constituted fraud. Therefore, a statute of limitations would not apply until Mrs. Shaw's discovery of the non-disclosed facts under Mississippi Code Annotated section 15-1-67 (Rev.2003), which was in March 2005. The statute states:
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
Miss.Code Ann. § 15-1-67 (Rev.2003). However, "[i]n order to establish fraudulent concealment, `there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.'" Robinson v. Cobb, 763 So.2d 883, 887(¶ 19) (Miss. 2000) (quoting Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988)). Based on our review, we cannot find any evidence of fraudulent concealment on the part of Mr. Shaw. There is, in fact, affirmative evidence to the contrary based on Mr. Shaw's entry of the monthly 401K deduction on the statement given to Mrs. Shaw during the original divorce proceedings, and copies of his 1995 W-2 for her to take to the accountant after the complaint for divorce was filed. Further, the property settlement in the divorce stated that Mr. Shaw was to provide Mrs. Shaw with copies of his W-2s and 1099s every year. While these latter tax returns and W-2s are not in the record, there is nothing to suggest that the reference to Mr. Shaw's 401K deductions were not properly reflected thereon. Therefore, any applicable statute of limitation would run from the entry of the judgment of divorce.
¶ 10. Under the comments of Rule 60(b) of the Mississippi Rules of Civil Procedure, "[m]otions for relief from a judgment tainted by fraud or based on newly discovered evidence must be made within six months after the judgment or order was entered." Rule 60(b)(1) provides a "window of opportunity in the post-judgment period, albeit a relatively narrow one, for a party to discover and act upon alleged improper conduct by a party or a witness in the course of the litigation," and bars "any subsequent litigation attacking the validity of the judgment on that *352 ground once that window of opportunity has closed." Brown, 822 So.2d at 1074(¶ 5). Thus, under Rule 60(b), Mrs. Shaw needed to file her motion for contempt and modification by August 5, 1998. She did not do so. In Tirouda v. State, 919 So.2d 211, 214(¶ 8) (Miss.Ct.App.2005), this Court recognized:
Fraud upon an adverse party falls under Rule 60(b)(1) which requires that motion be made in a reasonable time and not more than six months after the judgment, order, or proceeding was entered or taken. On the other hand, fraud upon the court falls within the savings clause of 60(b) and is not subject to time constraints.
As we have found no fraud on the part of Mr. Shaw, Mrs. Shaw's claim is time-barred under the limitations imposed in Rule 60(b).
¶ 11. Even if this issue were not time-barred, the marital property settlement specifically states in paragraph 16 that "the Property Settlement provision shall not be subject to modification." Additionally, the agreement states, "[t]he Husband and Wife each relinquish any claim that they might now have, or may have in the future, against any . . . IRA accounts, pension funds, retirement funds or any other accounts" and "each party releases, waives and relinquishes any & all rights which he or she may now have or may have in the future." The supreme court has recognized that "[a] true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." East v. East, 493 So.2d 927, 931-32 (Miss.1986).[3] Based on the terms of the agreement, entered into in 1998, and the fact that Mr. Shaw did not fraudulently conceal his 401K account, the marital property settlement terms were not modifiable, and Mrs. Shaw has no further claim to the assets of Mr. Shaw.
¶ 12. We find the chancellor's ruling that Mrs Shaw's claim for modification is time-barred was not error and affirm.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] During the trial, the parties stipulated the value of the 401K to be $71,894.05.
[2] We note that neither litigant in Kalman filed a financial disclosure.
[3] We note that, although a court's division of marital property is generally non-modifiable, a court may clarify an ambiguous property division order. Deborah H. Bell, Mississippi Family Law § 6.12[2] (1st ed.2005); see Dalton v. Dalton, 874 So.2d 967 (Miss.2004). The court may also "fashion an equitable remedy if unforeseen circumstances frustrate the purpose of property division." Bell, supra at § 6.12[3]; see Morgan v. Morgan, 744 So.2d 321 (Miss.Ct.App.1999). We find that neither exception exists in this instance.